JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1704 JVS (JDEx) | Date | October 20, 2020 |
| Title | St. Joseph Hospital of Orange v. Newegg, Inc. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Remand**

Plaintiffs St. Joseph Hospital of Orange ("St. Joseph") and St. Jude Hospital, Inc., doing business as St. Jude Medical Center, ("St. Jude") (together– the "Hospitals") filed a motion to remand for lack of subject matter jurisdiction. Mot., Dkt. No. 12. Defendant Newegg, Inc. opposed. Opp'n, Dkt. No. 13. The Hospitals replied. Reply, Dkt. No. 14.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

The following facts are alleged in the Hospitals' complaint, originally filed in the Superior Court of the State of California for the County of Orange. See Dkt. No. 1, Ex. A.

Newegg operates a self-funded health benefit plan that provides health care benefits to plan participants and beneficiaries. Compl. ¶ 2. The Hospitals provided expressly and/ or impliedly authorized hospital services for fourteen patients covered by Newegg. Id. ¶¶ 8–126. The total billed charges and reasonable value of the medically necessary services provided to the patients was $147,667.88, but Newegg has only paid or accepted responsibility for $20,916.87. Id.

The Hospitals detail the services rendered to each of the fourteen patients. Id. ¶¶ 9–26. Some of the patients received emergency services, such as Patient 1, who received medically necessary treatment for abdominal pain on September 13, 2018. Id. ¶ 9. On the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1704 JVS (JDEx) | Date | October 20, 2020 |
| Title | St. Joseph Hospital of Orange v. Newegg, Inc. | | |

same day, the hospital[1] sent a fax to Newegg's automated system to determine eligibility. Id. ¶ 10. Authorization was not required because Patient 1's treatment was for emergency services. Id. Other patients received non-emergency treatments, such as Patient 3, who received outpatient treatment related to a ventral hernia on March 1, 2018. Id. ¶ 25. On February 28, 2018, the hospital called Newegg to determine Patient 3's eligibility to receive benefits and to obtain authorization to render services to Patient 3. Id. ¶ 26. It was noted that Patient 3's benefits were verified, and pre-authorization was not required for Patient 3's services. Id.

For each of the patient claims at issue, Newegg did not indicate in any way that it would not cover the relevant medical expenses. Id.¶ 128. The Hospitals reasonably understood Newegg's actions to constitute express and/or implied requests for the Hospitals to provide services to the patients and an agreement by Newegg to pay for such services at a reasonable rate. Id. ¶¶ 130–132. Newegg's conduct gave rise to implied-in-fact agreements between the Hospitals and Newegg, obligating Newegg to pay for the care and treatment rendered to the patients. Id. ¶ 130. In doing so, Newegg agreed to pay the Hospitals the reasonable value of services rendered, which is up to 100% of billed charges. Id. ¶ 136. As a result, the Hospitals have been damaged in an amount of not less than $70,213.03. Id. ¶ 134.

The Hospitals' Complaint, filed in the Superior Court of the State of California for the County of Orange, asserted two causes of action against Newegg: (1) breach of implied-in-fact contract, and (2) quantum meruit. See Dkt. No. 1, Ex. A. Newegg filed a notice of removal asserting that the Hospitals' state-law causes of action are preempted by the Employee Retirement Income Security Act (ERISA). Id. The Hospitals filed a motion to remand. Dkt. No. 12. Newegg opposed. Dkt. No. 13.

**II. LEGAL STANDARD**

---

[1] The Hospitals use the term "the hospital" throughout the Complaint without specifying whether St. Joseph or St. Jude was the hospital providing the specific service in question. Because the Hospitals are both plaintiffs and the precise location where each service was rendered appears to be immaterial, the Court adopts the Hospitals' format and uses the non-specific term "the hospital" in relating these facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-1704 JVS (JDEx)                                  Date  October 20, 2020

Title  St. Joseph Hospital of Orange v. Newegg, Inc.

     Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

### III. DISCUSSION

     The Hospitals argue that removal is improper because their well-pleaded Complaint does not assert a federal question claim and their state-law claims are not preempted by ERISA. See Mot., Dkt. No. 12, at 11. Newegg responds that the Hospitals' state-law claims are entirely encompassed by §502(a) of ERISA, 29 U.S.C. Section 1132(a), such that the Complaint is converted into a federal claim for purposes of the well-pleaded complaint rule because all patients involved are beneficiaries or participants in ERISA health plans. See Opp'n. Dkt. No. 13, at 3.

     Preemption under ERISA § 502(a) establishes federal subject matter jurisdiction. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945–46 (9th Cir. 2009); Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d 1102, 1107 (9th Cir. 2011). A participant or beneficiary may bring a civil action under §502(a) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "[T]he question whether a law or claim 'relates to' an ERISA plan is not the test for complete preemption under § 502(a)(1)(B)." Marin Gen. Hosp., 581 F.3d at 949. Rather, to determine if ERISA § 502(a) preemption applies, the Court must consider whether Newegg has shown that "(1) 'an individual, at some point in time, could have brought [the] claim[s] under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" Id. at 946 (quoting Aetna Health v. Davila, 542 U.S. 200, 210 (2004)). Newegg must establish that both prongs are satisfied in order to avoid a remand. Fossen, 660 F.3d at 1108.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-1704 JVS (JDEx) | Date | October 20, 2020 |
| Title | St. Joseph Hospital of Orange v. Newegg, Inc. | | |

### A. Davila's First Prong

Newegg argues that the Hospitals could have brought suit as assignees under ERISA for the services rendered to the patients in question, as all their claims arise under ERISA plans. Opp'n, Dkt. No. 13, at 7. Furthermore, Newegg argues that the Hospitals' allegations that they are not beneficiaries of or participants in an ERISA plan and that they do not allege an assignment of benefits are contradicted by the documents submitted for reimbursement, which show that the Hospitals did pursue reimbursement per assignment of benefits. Id. at 7; Ex. A (Dewbre Decl.), ¶¶ 6–7.

The Hospitals argue that they "do not rely on any assignment of benefits" and that they are not beneficiaries of or participants in an ERISA plan. Mot., Dkt. No. 12, at 13. However, the Hospitals do not refute the evidence provided by Newegg that the Hospitals marked "Y" for "Yes" on item 53 of the various UB-04 forms submitted for the patients in question for reimbursement, which indicates that the provider submitting a claim for reimbursement is doing so pursuant to an assignment of benefits from the insured or claimant as indicated on the UB-04 form instructions. See Opp'n, Dkt. No. 13, Ex. A (Dewbre Decl.), ¶¶ 6-7; Ex. A. at 28–70. The Court is entitled to consider such evidence for jurisdictional purposes. See e.g., Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1035 (9th Cir. 2014). Accordingly, the Court finds that the first prong of Davila is met, as the Hospitals could have brought these claims as assignees under ERISA.

### 2. Davila's Second Prong

"[S]tate-law claims are based on 'other independent legal dut[ies]' where the claims 'are in no way based on an obligation under an ERISA plan' and the claims 'would exist whether or not an ERISA plan existed.'" Healthcare Ally Mgmt., No. CV1705981SJOMRWX, 2017 WL 4083142, at *3 (quoting Marin, 581 F.3d at 950).

The Hospitals' claims here are not based on an obligation under an ERISA plan, but rather are based on implied-in-fact contracts. Moreover, the state-laws upon which the Hospitals rely do not apply only to ERISA plans. See Port Med. Wellness Inc. v. Connecticut Gen. Life Ins. Co., No. CV-13-03604 BRO PLAX, 2013 WL 5315701, at *6 (C.D. Cal. Sept. 18, 2013) ("Plaintiff's right to recovery depends entirely on the operation

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-1704 JVS (JDEx)                                Date  October 20, 2020

Title    St. Joseph Hospital of Orange v. Newegg, Inc.

of a third-party contract that is independent of the Plan itself."). Cf. Fossen, 660 F.3d at 1111–13 (finding complete preemption when "the cause of action [was] identical to and expressly dependent upon ERISA"). Specifically, the Hospitals' claims arise under California Civil Code § 1621 (recognizing the creation of implied in fact contracts) and the California recognized cause of action for quantum meruit. See Bell v. Blue Cross of California, 131 Cal. App. 4th 211, 214 (2005) (finding providers are "free to pursue…theories of recovery to secure the reasonable value of their serviced based on common law theories of breach of contract and quantum meruit.").

Courts have ruled time and time again that cases involving express or implied agreements to pay benefits were independent of the terms of the ERISA plans at issue, and the Court finds that a such a situation occurs here. See Marin. Bay Area Surgical Mgmt., LLC v. United Healthcare Ins. Co., 2012 U.S. Dist. LEXIS 109953, at *10 (N.D. Cal. Aug. 6, 2012); Regents for the Univ. of Cal. v. UnitedHealthcare Ins. Co., 2012 U.S. Dist. LEXIS 138530, at *11 (S.D. Cal. Sept. 24, 2012); Bay Area Surgical Mgmt. LLC v. United Healthcare Ins. Co., 2013 U.S. Dist. LEXIS 176682, at *9 (N.D. Cal Dec. 16, 2013); Temple Hosp. Corp. v. Gomez, 2014 U.S. Dist. LEXIS 33166, at *7 (Mar. 11, 2014); Ghosh v. Aetna Health of Cal., Inc., 2012 U.S. Dist. LEXIS 142673, at *15–16 (S.D. Cal. Oct. 2, 2012).

Accordingly, the Court finds that the second prong of the Davila test has not been met. Since the Court finds that Newegg has not met its burden of showing that there was complete preemption to render removal proper, the Court does not have federal question jurisdiction based on ERISA preemption and **REMANDS** the case to state court.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and **REMANDS** the case to state court. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for November 2, 2020, is ordered **VACATED**. The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

**IT IS SO ORDERED.**

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-1704 JVS (JDEx)                    Date   October 20, 2020

Title   St. Joseph Hospital of Orange v. Newegg, Inc.

                                                                  :        0

                                       Initials of Preparer    lmb